IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2019

Lyle W. Cayce
Clerk

No. 17-11135
Summary Calendar

WATERFALL VICTORIA MASTER FUND LIMITED,

Plaintiff - Appellee

v.

CLIFFORD C. AVERY, ROSSIA L. AVERY,

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-173

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Waterfall Victoria Master Fund filed for judicial foreclosure of its mortgage lien on Clifford and Rossia Avery's property. Following a bench trial, the court held Waterfall Victoria was entitled to a foreclosure order.

Defendants argue on appeal that no evidence supported the district court's conclusion that Waterfall Victoria's lien complied with the Texas Constitution's strict requirements for liens on homesteads. TEX. CONST., ART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11135

XVI, § 50(a)(6). A noncompliant lien is considered void and unenforceable unless the defect is cured. *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 548–49 (Tex. 2016). These constitutional provisions do not, however, create any substantive rights—the requirements "only assume constitutional significance when their absence in a loan's terms is used as a shield from foreclosure." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478 (Tex. 2016). Texas courts thus require that a homeowner expressly assert constitutional problems as a defense to a foreclosure action. *See Hinton v. Nationstar Mortgage*, 533 S.W.3d 44, 50 (Tex. App.—San Antonio 2017, no pet.) (refusing to review an allegation that a lien was not constitutionally compliant because a court "may not consider a claim for affirmative relief or an affirmative defense unless it is pled or tried by consent"); *Wilson v. Aames Capital Corp.*, No. 14-06-00524-CV, 2007 WL 3072054, *1 (Tex. App. 14th Dist.—Houston, Oct. 23, 2007, no pet.) (describing challenges to the constitutional compliance of a lien as "in the nature of an affirmative defense" that must be pled in order to be preserved).

In the district court, Defendants never asserted constitutional problems with the lien as a defense to the foreclosure action. They raised five other defenses, including challenging the validity of Waterfall Victoria's legal title and arguing that they did indeed make the required tax payments. Defendants try and point to their general denial of an allegation in Waterfall Victoria's complaint that asserted the lien conformed to all constitutional requirements. But that paragraph of the complaint raised numerous allegations, including that Avery was in default and was not a member of the United States military. A one-sentence denial making no mention of any constitutional infirmity is not sufficient to put the district court on notice of this affirmative defense. *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (explaining that affirmative defenses must be raised in the defendant's

No. 17-11135

responsive pleadings or at another "pragmatically sufficient" time that avoids any unfair surprise to the plaintiff)*; see also FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) (explaining that a party "must press and not merely intimate the argument during the proceedings before the district court"). Nor did any later filings in the district court litigation, including the Joint Pretrial Order, Trial Brief, or Proposed Findings of Facts and Conclusions of Law, make mention of a defense based on the lien's noncompliance with the state constitution. The constitutional defense was forfeited.

AFFIRMED.